UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW ARMFIELD,<br><br>                    Plaintiff,<br><br>          v.<br><br>IMSI,<br><br>                    Defendant. | Case No. 1:21-cv-00326-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Andrew Armfield was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff has not stated a claim upon which relief can be granted, that Plaintiff cannot proceed against a state entity, and the Complaint will be dismissed without prejudice with leave to amend. If Plaintiff does not file an amended complaint within 30 days after entry of this Order, judgment will be entered, closing this case.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## REVIEW OF COMPLAINT

### 1.  Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

Conditions of confinement that amount to cruel and unusual punishment violate the Eighth Amendment of the federal Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). While conditions of confinement may be harsh and restrictive without violating the Eighth Amendment, they cross the line of acceptability when they involve "the wanton and unnecessary infliction of pain" or are "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d at 731. Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that  (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. *Farmer v. Brennan*, 511 U.S. at 837.

### 2.   Factual Allegations and Discussion

The entire body of Plaintiff's complaint is that "staff" at the Idaho Maximum Security Prison (IMSI) threatened to give Plaintiff "a DOR" (disciplinary offense report), that he suffered "spray" as an injury, and that the relief he seeks is "none." *See* Dkt. 3. For the following reasons, Plaintiff has not stated a claim, and he may file an amended complaint if he desires to attempt to proceed.

First, to state a claim under the Fourteenth or Eighth Amendment for unconstitutional incarceration conditions, Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Incidents of verbal abuse and threats that do not amount to calculated harassment are not sufficient to state a constitutional deprivation under § 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that a correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable

under § 1983).

Plaintiff has stated that he suffered "spray" as an injury—perhaps meaning that he was sprayed with pepper spray by IMSI staff—but that allegation is not tied to the allegation that he was merely threatened. If he was sprayed for no reason, he can clarify that in an amended complaint. It is helpful if Plaintiff provides his offender concern form and completed grievance as exhibits to clarify his causes of action.

Second, Plaintiff cannot sue IMSI, the entity. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, without a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states *and state entities* "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Instead, Plaintiff can name as a defendant that staff member who sprayed him with pepper spray for no reason.

Third, Plaintiff needs to specify the relief he is seeking; otherwise there is nothing to adjudicate. Is he claiming monetary damages for being pepper-sprayed? Is he seeking an order declaring that the action of the particular staff member was unconstitutional? If he desires no relief, he should not file an amended complaint. If he desires relief, then he should specify what he is seeking from the defendant.

## ORDER

**IT IS ORDERED:**

1.  The Complaint is DISMISSED without prejudice, with leave to amend.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

2.  Plaintiff may file an amended complaint within 30 days after entry of this Order.

    Failure to do so will result in judgment being entered and this case being closed.

DATED: November 3, 2021

David C. Nye
Chief U.S. District Court Judge